IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JUNIOR SYLVIN, | |
|     Petitioner, | CIVIL ACTION NO.: 2:23-cv-69 |
| v. | |
| WARDEN J. FIKES, | |
|     Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner Junior Sylvin ("Sylvin"), who is currently listed on the docket as being housed at the Federal Prison Camp in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Sylvin filed a Response. Docs. 8, 12. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Sylvin's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Sylvin *in forma pauperis* status on appeal.

### BACKGROUND

Sylvin was convicted in the Southern District of Florida of: conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). J., United States v. Sylvin, 1:09-cr-20264 ("Crim. Case") (S.D. Fla. July 10, 2010), ECF No. 371. He was sentenced to 156 months'

imprisonment on the drug counts and 120 months' imprisonment on the § 924(c) count, to be served concurrently with each other, and to 60 months' imprisonment on the § 922(g) count, to be served consecutively to his other sentences, for a total of 216 months' imprisonment.  Id. at p. 3.  The sentencing court later reduced Sylvin's sentence on the drug counts to 151 months' imprisonment (for a total of 211 months' imprisonment) upon Sylvin's motion based on an amendment to the United States Sentencing Guidelines.  Crim. Case, ECF Nos. 571, 583.  Sylvin has a projected release date of June 8, 2024, via good conduct release.  Doc. 8-1 at 8.

## DISCUSSION

In his Petition, Sylvin asserts he has high blood pressure and is obese and should be released from prison under the compassionate release provisions of the CARES Act due to the COVID-19 pandemic.[1]  Doc. 1 at 3–4.  Sylvin states he has exhausted his administrative remedies and provides cases where other inmates housed at the Jesup facility were granted compassionate release.  Id. at 5.

Respondent asserts Sylvin has litigated his CARES Act challenge in the sentencing court and this challenge is not cognizable under § 2241.  Doc. 8 at 2.  Respondent also asserts Sylvin has no liberty interest in home confinement, this Court lacks jurisdiction to review Sylvin's home confinement claim, and Sylvin's equal protection claim is improper.  Id.

I.      **This Court Cannot Entertain Sylvin's Petition**

Respondent asserts Sylvin has previously litigated his CARES Act challenge in the Southern District of Florida, Sylvin's sentencing court.  Id.  Respondent observes the sentencing court has denied each of Sylvin's compassionate release requests and the Eleventh Circuit Court of Appeals affirmed the denial on appeal.  Id. at 3.  Respondent concludes Sylvin's current

---

[1]     Coronavirus Aid, Relief, and Economic Safety ("CARES") Act.

request is not cognizable as a habeas corpus claim and should be presented to the sentencing court.  Id. at 4.

Section 3582(c)(1)(A) of Title 18 of the United States Code provides:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—. . . .

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i)–(ii).  In other words, a court can modify a sentence under § 3582(c)(1)(A) if the Director of the Bureau of Prisons ("BOP") moves for the modification. Cruz-Pagan v. Warden, FCC Coleman-Low, 486 F. App'x 77, 79 (11th Cir. 2012).  The Director of the BOP has made no motion of any court seeking the modification of Sylvin's sentence. After passage of the First Step Act of 2018, a defendant can also file a motion for reduction of

3

sentence under § 3582(c) after he has exhausted his administrative remedies with the BOP. United States v. Bryant, 996 F.3d 1243, 1250 (11th Cir. 2021). Under the amended version of § 3582(c), a court may modify a term of imprisonment upon motion of a defendant, after exhaustion of his administrative remedies, if the court finds "extraordinary and compelling reasons warrant" a modification. "Modification of a defendant's sentence under this statute is commonly referred to as 'compassionate release.'" United States v. Jordan, Case No.: 3:16-cr-92, 2020 WL 1640097, at *1 (M.D. Fla. Apr. 2, 2020) (quoting Orlansky v. FCI Miami Warden, 754 F. App'x 862, 864–66 (11th Cir. 2018)). This change to § 3582(c), however, does not permit a court to order the BOP to file a motion for sentence reduction.

In addition—and perhaps more importantly—only the sentencing court can reduce a defendant's sentence or grant compassionate release under § 3582(c). Diaz-Medina v. Joseph, Case No. 3:21cv796, 2022 WL 676081, at *3 (N.D. Fla. Jan. 13, 2022) (noting a § 3582(c) request for compassionate release must be filed with the sentencing court). Sylvin was convicted in the Southern District of Florida and has filed several § 3582(c) motions, as supplemented, for compassionate release under the First Step Act with that court, including at least one motion after he filed this Petition. Crim. Case, ECF Nos. 693, 694, 702, 706, 757, 792. Senior District Court Judge James King has denied Sylvin's motions, as well as his motions for reconsideration of Judge King's denials. Crim. Case, ECF Nos. 703, 713, 714, 719, 770, 772, 777, 801.[2] The Eleventh Circuit affirmed Judge King's denial of Sylvin's motion for compassionate release. Crim. Case, ECF No. 749.

---

[2]   Judge King denied Sylvin's most recent motion for compassionate release advanced based on Sylvin's claim his medical conditions constitute an extraordinary and compelling reason for his release on September 13, 2023. Crim. Case, ECF No. 801 (showing the basis of Sylvin's compassionate release request with sentencing court is the same as the basis of his request here).

Thus, to the extent Sylvin asks this Court to compel the BOP to move for reduction in sentence or for compassionate release, § 2241 does not provide the proper remedy to Sylvin. In short, Sylvin's request for relief should lie, if at all, with the Southern District of Florida—the court that sentenced him.[3] This Court should grant Respondent's Motion to Dismiss and dismiss Sylvin's Petition. It is unnecessary for the Court to address the remaining portions of Sylvin's Petition or Respondent's Motion to Dismiss.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Sylvin leave to appeal *in forma pauperis*. Though Sylvin has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus,

---

[3]     Sylvin's attempt to distinguish his claim as being one for home confinement under the CARES Act and not a § 3582(c) motion for compassionate release fails for the reasons Respondent sets forth. Doc. 12 at 2; Doc. 8 at 4–8; but see Doc. 1 at 7 (moving for home confinement as a modification to sentence under § 3582(c)). What is more, Sylvin has two other habeas corpus actions pending in this Court, Case Numbers 2:23-cv-85 and 2:23-cv-88, and he raises grounds related to FSA credits and his Prisoner Assessment Tool Estimated Risk and Needs ("PATTERN") score, respectively. The Court will address those habeas claims in Sylvin's other cases.

5

a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Sylvin's Petition and Respondent's Motion to Dismiss and related filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Sylvin *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Sylvin's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Sylvin leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA